IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL VENIS                                                                                                PLAINTIFF
ADC #123413

V.                                                  NO. 4:06CV00599 GTE

DON NELSON, et al                                                                                    DEFENDANTS

ORDER

After a thorough review of Plaintiff's case file, the Court finds that the interests of justice would be best served by transferring this case to the United States District Court for the Western District of Arkansas. 28 U.S.C. § 1406(a).[1] Venue would be proper in the Western District as Plaintiff and the only relevant Defendant[2] are located there and the events complained of allegedly occurred there.[3]

The Clerk of the Court is directed to TRANSFER immediately PLAINTIFF'S ENTIRE CASE FILE to the Western District of Arkansas, Hot Springs Division.

IT IS SO ORDERED this 21st day of June, 2006.

                                                                   /s/ Garnett Thomas Eisele
                                                              UNITED STATES DISTRICT JUDGE

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id.

[2] In addition to Defendant Nelson, Plaintiff has also named the Arkansas Department of Correction ("ADC") as a party. The ADC is not a proper party to this action as it is not a "person" subject to suit under § 1983.

[3] According to Plaintiff's complaint (docket entry #2), On April 28, 2004, he was working as a plumber on the inmate construction crew assisting in the construction of Housing Unit II of the Ouachita River Correctional Unit. Defendant Nelson, a supervisor, directed Plaintiff to assist several other inmates in removing an iron staircase. As the inmates began to remove the staircase, the top of the stairs slid off the second story landing and twisted sideways. The inmates lost their grip and the staircase fell to the ground, landing on Plaintiff's left foot which resulted in severe injury. Plaintiff contends that no supervisors were present during the removal attempt, and although there was safety equipment (which Plaintiff alleges could have been attached to the staircase to prevent it from falling) none was provided to the inmates. Plaintiff seeks $250,000 in damages for "malfeasance, misfeasance, nonfeasance, and negligence."